Honorable Juan J. Hinojosa Chairman Local and Consent Calendars Committee Texas House of Representatives P.O. Box 2910 Austin, Texas 78768-2910
Re: Waiver of insurance deductible under section 27.02 of the Business and Commerce Code (RQ-1843)
Dear Representative Hinojosa:
You ask about the interpretation of section 27.02 of the Business and Commerce Code, which was added by the 71st Legislature. Acts 1989, 71st Leg., ch. 898, at 3925. Section 27.02 provides:
(a) A person who sells goods or services commits an offense if:
 (1) the person advertises or promises to provide the good or service and to pay:
(A) all or part of any applicable insurance deductible; or
 (B) a rebate in an amount equal to all or part of any applicable insurance deductible;
 (2) the good or service is paid for by the consumer from proceeds of a property or casualty insurance policy; and
 (3) the person knowingly charges an amount for the good or service that exceeds the usual and customary charge by the person for the good or service by an amount equal to or greater than all or part of the applicable insurance deductible paid by the person to an insurer on behalf of an insured or remitted to an insured by the person as a rebate.
 (b) A person who is insured under a property or casualty insurance policy commits an offense if the person:
 (1) submits a claim under the policy based on charges that are in violation of Subsection (a) of this section; or
 (2) knowingly allows a claim in violation of Subsection (a) of this section to be submitted, unless the person promptly notifies the insurer of the excessive charges.
(c) An offense under this section is a Class A misdemeanor.
You ask whether a person who advertises or promises to provide a good or service and "waives the deductible" violates section 27.02(a). We understand you to be asking about an advertisement or promise to engage in the following transaction: A person providing a good or service would submit a bill directly to an insurer and then accept the portion of the bill paid by the insurer as satisfaction for the entire claim. In other words, the person providing the good or service would not seek payment of the unpaid portion — the insured's deductible — from the insured.
Certainly that type of transaction comes within the spirit of the prohibitions set out in section 27.02(a). Declining to seek payment of the portion of the bill for which the insured is responsible has the same effect as rebating the amount of the deductible. Nonetheless, "waiving the deductible" is not encompassed by the actual language of either subsection (a)(1)(A) or subsection (a)(1)(B). Declining to seek all or part of the deductible is technically not the same as "pay[ing] all or part of any applicable insurance deductible." Nor is it the same as giving a rebate of all or part of the deductible. Due process requires that criminal statutes give fair notice of the activity that is outlawed. Papachristou v. City of Jacksonville,405 U.S. 156 (1972). A forbidden act must come within the prohibition of the statute and any doubt as to whether an offense has been committed should be resolved in favor of the accused. Engelking v. State, 750 S.W.2d 213 (Tex.Crim.App. 1988). Because of the constitutional requirement of fair notice of criminal acts, we think a court would conclude that the situation you describe as "waiving the deductible" is not an offense under section 27.02(a).
You also ask whether a violation of section 27.02(a) has occurred when a charge submitted to an insurer by a person providing a good or service is not in excess of that person's usual and customary charge for that good or service. It is an element of the offense created by section 27.02(a) that the person charge an amount in excess of his usual and customary charge. Without that element there is no offense under section 27.02(a).
 SUMMARY
A situation in which a person providing a good or service does not seek payment from an insured of the amount of his insurance deductible does not constitute a criminal offense under section27.02(a) of the Business and Commerce Code.
Very truly yours,
 Jim Mattox Attorney General of Texas
 Mary Keller First Assistant Attorney General
 Judge Zollie Steakley Special Assistant Attorney General
 Renea Hicks Special Assistant Attorney General
 Rick Gilpin Chairman Opinion Committee
 Prepared by Sarah Woelk Assistant Attorney General